**EASTERN DISTRICT OF TENNESSEE CHATTANOOGA DIVISION**

ANNETTE MARIE CONTO

Plaintiff, Pro Se

v.

NATIONAL CREDIT SYSTEMS, INC.

Defendant

FILED

NOV 1 2 2025

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

Case No. _1:25-cv-347 Judges McDonough/Dumitru_

JURY TRIAL DEMANDED

# COMPLAINT FOR DECLARATORY RELIEF, DAMAGES, AND INJUNCTIVE ENFORCEMENT

## I. NATURE OF THE ACTION

This is an action for declaratory relief, enforcement of tender, injunctive relief, and damages arising from Defendant's willful failure to respond to lawful tender, dishonor of presented instruments, and continued efforts to collect on a discharged account—**Account No. 5929313**—

1

assigned to Plaintiff, a secured party in possession of perfected collateral instruments. The Plaintiff brings claims under applicable commercial statutes, including the Fair Debt Collection Practices Act (FDCPA), and the Uniform Commercial Code (UCC), asserting breach of lawful process, dishonor, unjust enrichment, and misrepresentation.

## II. JURISDICTION & VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1692k(d) (FDCPA claims).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the Plaintiff resides in Hamilton County, Tennessee, and the harm occurred therein.

3. Defendant is a Georgia corporation **(1775 The Exchange SE, Suite 300 Atlanta, GA 30339 and P.O. Box 672288 Marietta, GA 30006)** engaged in nationwide debt collection and does business in Tennessee.

## III. PARTIES

4. Plaintiff Annette Marie Conto is a private national and Secured Party, residing in Ooltewah, Hamilton County, Tennessee.

5. Defendant National Credit Systems, Inc. ("NCS") is a third-party debt collector with principal business locations in Atlanta and Marietta, Georgia.

## IV. FACTUAL BACKGROUND

6. Defendant alleges Plaintiff owes a balance of **$4,905.00** on Client Account No. 122 / **NCS Account No. 5929313.**

7. On or about September 17, 2025, Defendant sent a dunning notice listing "Current Creditor: FIFTEENTH HOLE APTS" and addressed the notice to "Annette M Belleville Conto."

8. Plaintiff has never entered into any lease, contract, or agreement with any entity named FIFTEENTH HOLE APTS.

9. Plaintiff has not used the name "Belleville" in any legal, contractual, or commercial dealings relevant to this matter. Her proper legal and commercial name is Annette Marie Conto. Defendant's use of an inaccurate or misidentified name constitutes a misrepresentation of the identity of the consumer.

10. Upon information and belief, the original party related to the disputed obligation is MK Ventures, LLC.

11. Defendant's incorrect naming of both the creditor and the consumer constitutes a false, misleading, and deceptive statement about the nature, source, and ownership of the alleged debt.

12. On September 18, 2025, Plaintiff lawfully tendered a Bill of Exchange (Instrument No. BOE-20250918-01) in good faith, intended for full settlement and set-off of the account.

13. Defendant alleges Plaintiff owes a balance of $4,905.00 on Client Account No. 122 / NCS Account No. 5929313.

14. On or about September 17, 2025, Defendant sent a dunning notice listing "Current Creditor: FIFTEENTH HOLE APTS."

15. Plaintiff has never entered into any lease, contract, or agreement with any entity named FIFTEENTH HOLE APTS.

16. Upon information and belief, the original party related to the disputed obligation is MK Ventures, LLC.

17. Defendant's incorrect naming of the creditor constitutes a false, misleading, and deceptive statement about the nature, source, and ownership of the alleged debt.

18. On September 18, 2025, Plaintiff lawfully tendered a Bill of Exchange (Instrument No. BOE-20250918-01) in good faith, intended for full settlement and set-off of the account.

19. Accompanying the BOE were: Cover Letter with Conditional Acceptance, Affidavit of Truth, Proof of Authority, and Notice of Right to Set-Off.

20. The Wave 1 packet was sent Certified Mail and received by Defendant.

21. No verified accounting, authority, or rebuttal was provided by Defendant within the 10-business-day window.

22. Plaintiff proceeded with Wave 2 documents, including: Affidavit of Non-Response, Notice of Fault and Opportunity to Cure, Final Estoppel Notice, and Non-Negotiable Billing Statement.

23. Defendant again failed to cure within the seven-day cure window.

24. In early October 2025, Plaintiff issued Wave 3 documents: Affidavit of Final Dishonor & Certificate of Default, Final Notice of Default & Dishonor, Notice of Intent to Litigate & Lien Preparation, and UCC-1 Financing Statement Template.

25. All instruments were sent to both NCS's physical and P.O. Box addresses.

26. Defendant continued to report the alleged balance to credit bureaus and failed to apply the lawful tender.

**4**

27. Upon information and belief, all three major credit reporting agencies (Experian, Equifax, and TransUnion) have reported the alleged NCS debt, despite Plaintiff's formal tender and administrative process.

28. This unlawful reporting has resulted in a negative impact to Plaintiff's credit profile, including a measurable drop in her FICO score, creating injury to her ability to obtain housing, employment, or credit on reasonable terms.

# V. CLAIMS FOR RELIEF

## COUNT I: Breach of Contractual Tender / Dishonor of Instrument

- Defendant failed to honor Plaintiff's tender and did not reject with cause.
- Under UCC § 3-603(b), a refusal to accept a valid tender results in discharge of the obligation.
- Defendant's silence constitutes dishonor and acceptance by estoppel.

## COUNT II: Violation of FDCPA – 15 U.S.C. § 1692e, § 1692f

- Misrepresentation by continuing to attempt collection of a discharged obligation.
- Unfair practices by failing to acknowledge lawful tender and reporting the debt to credit agencies after notice.
- Defendant communicated inaccurate information to third parties (the CRAs) in violation of 15 U.S.C. § 1692e(8), which prohibits "communicating or threatening to communicate to any person credit information which is known or which should be known to be false."

5

- Defendant falsely identified the creditor as "FIFTEENTH HOLE APTS," which is not a party with whom Plaintiff has any contractual relationship. This constitutes a violation of 15 U.S.C. § 1692e(2)(A) (false representation of the character or legal status of a debt) and § 1692e(10) (deceptive means to collect a debt).

- Defendant misrepresented Plaintiff's identity by addressing collections correspondence to "Annette M Belleville Conto," a name not used by Plaintiff in relation to any lease, contract, or account with MK Ventures, LLC. This misidentification further violates 15 U.S.C. § 1692e and § 1692f as a misleading and false attribution.

- Misrepresentation by continuing to attempt collection of a discharged obligation.

- Unfair practices by failing to acknowledge lawful tender and reporting the debt to credit agencies after notice.

- Defendant communicated inaccurate information to third parties (the CRAs) in violation of 15 U.S.C. § 1692e(8), which prohibits "communicating or threatening to communicate to any person credit information which is known or which should be known to be false."

- Defendant falsely identified the creditor as "FIFTEENTH HOLE APTS," which is not a party with whom Plaintiff has any contractual relationship. This constitutes a violation of 15 U.S.C. § 1692e(2)(A) (false representation of the character or legal status of a debt) and § 1692e(10) (deceptive means to collect a debt).

## COUNT III: Declaratory Judgment (28 U.S.C. § 2201)

- A justiciable controversy exists.
- Plaintiff seeks declaration that:
  - Tender was valid;

**6**

- o Account is discharged;

- o Defendant is barred from further collection.

## COUNT IV: Unjust Enrichment

- Defendant has accepted benefit (security interest/tender) but refused to offset obligation.

- Retention of the benefit without applying credit constitutes unjust enrichment.

## COUNT V: Equitable Relief – Injunction / Accounting

- Plaintiff seeks an injunction preventing Defendant from:

  - o Reporting to any credit reporting agency;

  - o Assigning or transferring the account;

  - o Initiating collections until lawful accounting is performed.

# VII. DAMAGES REQUESTED

Plaintiff seeks compensatory, statutory, and equitable relief as follows:

1. **Actual Damages**: Plaintiff has suffered concrete, traceable harm including but not limited to:

  - o At minimum, $4,905.00 — representing the value of the lawful tender (Bill of Exchange) submitted for the disputed lease with MK Ventures, LLC, which Defendant failed to apply;

- o Credit harm, including the negative impact to Plaintiff's FICO score resulting in reduced access to financial resources, higher interest rates, and reputational damage;

- o Emotional distress and mental anguish caused by Defendant's continued adverse reporting and misrepresentation of the debt.

2. **Statutory Damages**: As authorized under 15 U.S.C. § 1692k(a), including but not limited to:

- o Statutory damages for each violation of the FDCPA, including false representation of the creditor and failure to cease collection after valid dispute and tender.

3. **Equitable Relief**: Declaratory judgment, injunctive relief to halt further collection, deletion of trade lines, and accounting enforcement.

4. **Punitive Damages**: For Defendant's willful misconduct, dishonor of tender, and misrepresentation, in an amount to deter future violations.

5. **Costs and Fees**: Recovery of all reasonable costs, postage, and filing expenses associated with bringing this action.

Plaintiff respectfully requests **an amount to be determined at trial** to fully compensate for the harms alleged above.

Plaintiff seeks compensatory, statutory, and equitable relief as follows:

1. **Actual Damages**: For Defendant's wrongful continued reporting of a discharged debt, failure to apply lawful tender, and the resulting damage to Plaintiff's credit profile and emotional well-being. This includes but is not limited to:

- o $4,905.00 — representing the face value of the tendered Bill of Exchange related to the lease with MK Ventures, LLC, which Defendant failed to apply;
- o Financial harm related to the reduction of Plaintiff's FICO score and resulting inability to access credit, housing, or other financial resources on fair terms;
- o Emotional distress, mental anguish, and reputational damage caused by Defendant's false credit reporting and refusal to acknowledge lawful settlement.

2. **Statutory Damages**: Under 15 U.S.C. § 1692k(a), Plaintiff demands the maximum allowed for:

   - o FDCPA violations, including misrepresentation of the creditor, continued collection attempts after valid dispute and tender, and false credit reporting.

3. **Equitable Relief**: As outlined in the counts above, including injunctive and declaratory relief, accounting, and lien enforcement support if necessary.

4. **Punitive Damages**: To deter further misconduct and due to Defendant's pattern of willful dishonor and disregard of Plaintiff's legal rights.

5. **Costs and Fees**: All costs of court, postage, preparation, and filing to be borne by Defendant.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

1. Declare that Plaintiff's tender discharged the alleged obligation in full;

2. Enter judgment against Defendant for statutory and actual damages under the FDCPA;

3. Enjoin Defendant from further collection, transfer, or credit reporting of Account No. 5929313;

4. Order Defendant to issue a corrected general ledger and confirmation of zero balance;

5. Award costs of litigation, plus any other relief deemed just and proper;

6. Order that Defendant issue a retraction and deletion of all trade lines and reports made to the credit bureaus regarding Account No. 5929313;

7. Grant actual and statutory damages for credit harm, including negative FICO score impact and consequential economic injury.

**Respectfully submitted,**

Date: 11-12-2025

**Annette Marie Conto**

7277 McDaniel Lane

Ooltewah, TN 37363

Pro Se Litigant

Without Prejudice, UCC 1-308

annetteconto@yahoo.com

10